1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER BRIAN KINDER,

                           Petitioner,

    v.

ROBERT LeGRAND, *et al.*,

                        Respondents.

Case No. 3:16-cv-00449-MMD-VPC

ORDER

This habeas matter comes before the Court on petitioner's motion for reconsideration (ECF No. 9), on his motion for appointment of counsel (ECF No. 5), on his motion to file excess pages (ECF No. 1-2), and for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**I.    MOTION FOR RECONSIDERATION**

Petitioner's motion for reconsideration as to the November 22, 2016, order again directing payment of the filing fee will be granted. The payment was received by the Clerk of Court on August 17, 2016, but the Clerk did not enter the payment on the docket sheet until December 8, 2016. At the time of the Court's inquiry prior to the November 22, 2016, order, neither the docket sheet nor the Clerk's administrative records reflected the payment. The filing fee in fact has been paid, and the motion will be granted.

The Court accordingly turns to initial review, which reflects the presence of an issue as to the timeliness of the federal petition.

## II.    BACKGROUND

Petitioner Christopher Kinder challenges his November 2012 Nevada state conviction, pursuant to a conditional guilty plea, of two counts of possession of child pornography. He is sentenced to two consecutive terms of 28 to 72 months each, with 37 days of pre-sentence credit. He indicates a projected release date of January 17, 2019.

Petitioner's papers and the online docket records of the Supreme Court of Nevada reflect the following procedural background.[1]

On April 25, 2014, the Supreme Court of Nevada affirmed petitioner's conviction on direct appeal, in No. 62401 in that court. The time period for seeking *certiorari* review in the United States Supreme Court expired on July 24, 2014.[2]

More than a year later, on August 24, 2015, petitioner filed a state post-conviction petition. The state district court denied the petition as untimely; and the Nevada Court of Appeals affirmed on that basis. The Supreme Court of Nevada has denied a petition for discretionary review of the appellate decision. The remittitur in No. 69197 concluding the state post-conviction appellate proceedings issued on August 16, 2016.

On or about July 22, 2016, petitioner mailed the federal petition to the Clerk of this Court for filing.

## III.    DISCUSSION

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

///

///

---

[1]The Court takes judicial notice of the online docket records of the state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records may be accessed from: http://nvcourts.gov/Supreme/

[2]Under Supreme Court Rule 13(3), the ninety-day "time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." The time to seek *certiorari* review therefore ran from the April 25, 2014, order of affirmance rather than the May 20, 2014, issuance of the remittitur.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." On the current record, the limitation period therefore began running after the time period expired for seeking *certiorari* review, *i.e.*, after July 24, 2014. Absent tolling or delayed accrual, the one-year limitation period expired one year later, on Friday, July 24, 2015.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state post-conviction petition does not constitute a properly filed application under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Petitioner's untimely state petition therefore did not toll the federal limitation period.

Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on July 24, 2015. The federal petition was not mailed for filing until July 22, 2016, nearly a full year after the limitation period had expired, absent other tolling or delayed accrual. The petition thus is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He

1  accordingly must demonstrate a causal relationship between the extraordinary

2  circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th

3  Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.

4  2007).

5        Petitioner also is informed that, under certain circumstances, the one-year

6  limitation period may begin running on a later date or may be statutorily tolled. See 28

7  U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).[3]

8        Moreover, if petitioner seeks to avoid application of the one-year limitation period

9  based upon a claim of actual innocence, he must come forward with new reliable evidence

10  tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting

11  reasonably would have found him guilty beyond a reasonable doubt, potentially as to all

12  charges pending against him prior to his plea. *See McQuiggin v. Perkins*, 133 S.Ct. 1924

13  (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614

14  (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (*en banc*).

---

[3]Paragraph (d) of § 2244 provides in full:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

**IV.    REMAINING MOTIONS**

Petitioner's motion for leave to file a petition with excess pages will be granted. Petitioner should note that pages consisting of state court record exhibits should not be included within the pages of the petition itself. Nor should such exhibits generally be filed with the petition. A petitioner should attach copies of only the final state court written decisions pertaining to the judgment of conviction.

The motion for appointment of counsel will be held under submission pending consideration of petitioner's show-cause response. The Court does not find that the interests of justice require the appointment of counsel during the present show-cause inquiry. There is no constitutional right to appointment of counsel in a federal habeas proceeding, and petitioner has demonstrated an adequate ability to present his position *pro se*. This show-cause order outlines the applicable law in detail, and it sets forth the applicable statutory provision in full. Petitioner at this point needs to present the facts, if any, that would enable him to overcome the untimeliness of the petition under the legal standards outlined in this order. Petitioner has demonstrated an ability to articulate his position adequate to, at the very least, that task.

Accordingly, petitioner should note the following. He must respond to the show-cause inquiry *pro se*. If he instead files another motion for counsel rather than a timely show-cause response, the Court will dismiss the petition as untimely without further advance notice. This show-cause order is the only advance notice that petitioner will receive prior to such a dismissal.

**V.    CONCLUSION**

It is therefore ordered that the Clerk of Court file the petition and that, within thirty (30) days of entry of this order, petitioner must show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance

///

///

1  notice. If petitioner responds but fails to show with specific, detailed and competent

2  evidence that the petition is timely, the action will be dismissed with prejudice.[4]

3        It is further ordered that all assertions of fact made by petitioner in response to this

4  show-cause order must be detailed, must be specific as to time and place, and must be

5  supported by competent evidence. The Court will not consider any assertions of fact that

6  are not specific as to time and place, that are not made pursuant to a declaration under

7  penalty of perjury based upon personal knowledge, and/or that are not supported by

8  competent evidence filed by petitioner in the federal record. Petitioner must attach copies

9  of all materials upon which he bases his argument that the petition should not be

10  dismissed as untimely. Unsupported assertions of fact will be disregarded.

11        It is further ordered that petitioner's motion for reconsideration (ECF No. 9) is

12  granted to the extent consistent with the remaining provisions of this order, as the

13  corrected record confirms that petitioner has paid the filing fee.

14        It is further ordered that the Clerk file the motion to file excess pages (ECF No. 1-

15  2) that was submitted with the petition, that the motion is granted in connection with the

16  petition filed, and that the Clerk will reflect the grant of the motion by this order.

17        Petitioner's motion for appointment of counsel (ECF No. 5) remains under

18  submission.

19        DATED THIS 15th day of December 2016.

22  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

27        [4]The filing of the petition does not signify that the petition necessarily is free of
28  other deficiencies. The Court is reviewing the timeliness of the petition in the first instance
    prior to concluding initial review of the petition.

6