UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER BRIAN KINDER,<br><br>Petitioner,<br>v.<br>ROBERT LeGRAND, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00449-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's motion for appointment of counsel. (ECF No. 5.)

Following review of petitioner's response (ECF No. 13) to the Court's show-cause order as to timeliness (ECF No. 10), the Court is persuaded that the interests of justice require the appointment of counsel herein. Petitioner has raised factual issues regarding equitable tolling that potentially may require an evidentiary hearing on tolling and that otherwise warrant appointment of counsel for full factual development and adequate legal argument. *Cf.* Rule 8(c) of the Rules Governing Section 2254 Cases (appointment of counsel is mandatory where an evidentiary hearing is warranted). Petitioner's pauper application, while demonstrating an ability to pay the $5.00 filing fee, nonetheless otherwise establishes petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A.

It therefore is ordered that petitioner's motion for appointment of counsel (ECF No. 5) is granted. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013). The Court's action herein further is without prejudice to any applicable defenses, including untimeliness, that may be raised by the respondents following the filing of a counseled petition.

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk accordingly will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

///

///

The Clerk further will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing

DATED THIS 26th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE