# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CHRISTOPHER BRIAN KINDER,

Petitioner,

v.

ROBERT LEGRAND, *et al.*,

Respondents.

Case No. 3:16-cv-00449-MMD-CBC

ORDER

This counseled habeas petition comes before the Court on Petitioner's motion for leave to file a second amended petition (ECF No. 33). Respondents have opposed (ECF No. 34), and Petitioner has replied (ECF No. 35).

Petitioner, through appointed counsel, filed a first amended petition for writ of habeas corpus on June 28, 2018. (ECF No. 25.) Following investigation, counsel learned that the factual basis of the ineffective assistance of counsel claim raised in Ground Two is not accurate. Petitioner now seeks leave to file a second amended petition correcting the factual basis of the claim.

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).

///

Respondents oppose Petitioner's motion on the grounds that amendment would be futile. They assert the proposed new claim is untimely, unexhausted and would at any rate be procedurally defaulted.

Respondents argue that the proposed amended petition and its new claim are untimely because none of the petitions in this case is timely. Thus, they implicitly argue, there is no timely petition to which Ground Two could relate back. While the original petition is untimely on its face, there is a question of equitable tolling that has yet to be resolved in this case. (ECF Nos. 10, 15.) Respondents do not argue that Ground Two would not relate back to the original or first amended petitions if either or both were deemed timely due to the application of equitable tolling. It cannot at this junction, then, be said that amendment would be futile because it would be untimely.

Likewise, amendment is not futile due to the possibly unexhausted and procedurally defaulted nature of the new claim. Even if proposed Ground Two is unexhausted, the Court would likely apply the doctrine of anticipatory procedural default to the claim and defer a determination on whether Petitioner can show cause and prejudice for the default until the time of the merits determination.[1]

Accordingly, amendment is not futile, which weighs in favor of amendment. Three other factors also weigh in favor of amendment. There is no indication of bad faith or prejudice to Respondents, and Petitioner has not unduly delayed in seeking leave to amend. While Petitioner has amended his petition once before, and this factor therefore weighs against amendment, it does not weigh heavily so given the fact that the prior amendment was the first petition filed by appointed counsel.

///

///

///

---

[1] While this Court does not apply the doctrine of anticipatory procedural default to all types of claims, it often will where the unexhausted claim is one of ineffective assistance of trial counsel and where a petitioner asserts cause for the default *only* under *Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner makes such an assertion here. (ECF No. 35 at 6–7.)

| | |
|---|---|
| 1 | Having considered the relevant factors, and the general rule that leave to amend |
| 2 | is to be freely given when justice so requires, the Court will grant Petitioner leave to file his second amended petition. |

Having considered the relevant factors, and the general rule that leave to amend is to be freely given when justice so requires, the Court will grant Petitioner leave to file his second amended petition.

In accordance with the foregoing, it is therefore ordered that Petitioner's motion for leave to amend (ECF No. 33) is granted. The Clerk will file the second amended petition (ECF No. 33-1) on the docket.

It is further ordered that Respondents' motion for enlargement of time (ECF No. 37) is granted. Respondents will have forty-five days from the date of entry of this order to answer or otherwise respond to the second amended petition.

DATED THIS 15th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE