UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER BRIAN KINDER,

                                        Petitioner,

        v.

ROBERT LEGRAND, et al.,

                                        Respondents.

Case No. 3:16-cv-0449-MMD-CBC

ORDER

## I.    SUMMARY

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Christopher Brian Kinder, a Nevada prisoner who is represented by counsel. Currently before the Court is Respondents' Motion to Dismiss ("Motion") (ECF No. 40. Kinder has opposed (ECF No. 45), and Respondents have replied (ECF No. 55). For the reasons discussed below, Respondents' motion is granted in part and denied in part.

## II.    BACKGROUND

### A.    Procedural History[1]

Kinder challenges his 2012 state court conviction of two counts of Possession of Child Pornography pursuant to a conditional guilty plea. (ECF No. 41-24.) The guilty plea was conditioned upon Kinder's right to appeal a decision by the state district court for Nye County, Nevada, denying his motion to suppress evidence. (*Id.*) On November 29, 2012, the state court entered a judgment of conviction sentencing Kinder to 28 to 72 months for each count, with the second sentence running consecutively to the first. (ECF No. 41-27.) Kinder appealed through his trial counsel, Harold Kuehn. (ECF No. 41-29.) The Nevada

///

///

_____

[1]This procedural history is derived from the exhibits located at ECF Nos. 41 and 42 on the Court's docket.

1    Supreme Court affirmed Kinder's convictions on direct appeal and issued a remittitur on

2    May 20, 2014. (ECF Nos. 42-12, 42-13.)

3        In June 2015, Kinder sent a letter to the Nevada Supreme Court asking when his

4    direct appeal had been decided, and why he had not been notified. (ECF No. 42-14 at 23.)

5    Kinder claimed Kuehn was under investigation facing possible disbarment,[2] and Kinder

6    had not received notice of the appellate decision or his case file. (*Id.*) In response, the

7    Nevada Supreme Court sent Kinder a letter, stating that a decision was reached in his

8    case, a remittitur had issued, and the time for filing a rehearing petition had expired. (*Id.*

9    at 24.) Thus, Kinder's letter was returned unfiled, and he was instructed not to resubmit

10   the document. (*Id.*)

11       Kinder filed a *pro se* state habeas petition on August 24, 2015. (ECF No. 42-14.)

12   He also moved for withdrawal of his counsel and delivery of records. (ECF Nos. 42-15,

13   42-16.) The state district court denied the petition as time-barred in October 2015. (ECF

14   No. 42-20.) Kinder appealed. (ECF No. 42-21.) The Nevada Court of Appeals affirmed the

15   state district court's ruling in May 2016. (ECF No. 42-29.) Kinder petitioned for review.

16   (ECF No. 42-30.) On July 22, 2016, the Nevada Supreme Court denied review. (ECF

17   No. 42-32.) Remittitur issued on August 16, 2016. (ECF No. 42-34.)

18       **B.    Federal Habeas Action**

19       On July 27, 2016, Kinder initiated this federal habeas proceeding *pro se*. (ECF

20   No. 1.) The Court subsequently appointed counsel and granted leave to amend the

21   petition. (ECF Nos. 15, 18.) Counsel filed a Second Amended Petition (ECF No. 39)

22   ("Petition") in October 2018, alleging four grounds for relief under the Sixth and Fourteenth

23   Amendments of the United States Constitution:

24       1.  Kinder's trial attorney ineffectively failed to contest the probable cause for the

25   ///

26   _____

27       [2]Public records show that the Nevada Supreme Court disbarred Kuehn from the
     practice of law on December 2, 2015. (*See also* ECF No. 42-31 at 38–40.) This Court

28   takes judicial notice of the State Bar of Nevada's online records regarding attorney
     discipline actions. *E.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir.
     2012). Disciplinary records are accessible to the public online at: https://www.nvbar.org/.

search warrant of his home.

2. Kinder's attorney ineffectively failed to object when the court imposed lifetime supervision even though he did not meet the criteria for this requirement.

3. Kinder's attorney did not tell him one count of possession was the maximum the State could prove under Nevada law.

4. Kinder's attorney was ineffective for failing to correct faulty information in Kinder's Presentence Investigation Report ("PSI").

Respondents now move to dismiss the Petition as untimely, unexhausted, and/or procedurally defaulted.

## III.   DISCUSSION

### A.   Timeliness

#### 1.   Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). 28 U.S.C. § 2244(d)(1)(A).

Kinder concedes that his petition was filed after the expiration of the one-year statutory period. He argues, however, that he is entitled to equitable tolling to excuse his untimely filing based on extraordinary circumstances.

Equitable tolling is appropriate only if a petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted). The petitioner ultimately has the burden of proof on this "extraordinary exclusion."

3

*Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling. "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891–92 (9th Cir. 2014)).

Kinder asserts he is entitled to equitable tolling based on the misconduct and/or abandonment by his trial/appellate counsel. "Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d 1001, 1011–12 (9th Cir. 2011) (citing *Spitsyn*, 345 F.3d at 800–02); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). The attorney misconduct must be "a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation" to warrant equitable tolling. *Doe*, 661 F.3d at 1012 (citing *Spitsyn*, 345 F.3d at 801). "Failure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings *and* the attorney has committed himself to informing his client of such a development, constitutes attorney abandonment" that warrants equitable tolling. *Gibbs*, 767 F.3d at 886; *see also Maples v. Thomas*, 565 U.S. 266, 283 (2012). Further, the complete lack of a case file might, under some circumstances, justify equitable tolling if "the hardship caused by lack of access to his materials was an extraordinary circumstance that caused" the untimely filing of his federal petition. *Waldron-*

///

4

*Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009); *see also Lott v. Mueller*, 304 F.3d 918, 924–25 (9th Cir. 2002).

## 2.    Analysis

Considering the parties' arguments and the evidence submitted, the court finds that the statute of limitations should be equitably tolled through the filing of Kinder's *pro se* petition based on Kuehn's abandonment.

While his direct appeal was pending, on May 30, 2013, Kinder alleged he received a letter from Kuehn stating that the Nevada Supreme Court ordered a full briefing and the appeal could take anywhere from two months to two years for decision. (ECF No. 42-26 at 4.) Kinder received another letter from Kuehn on January 13, 2014, informing him that oral argument was scheduled and Kuehn would keep Kinder informed of the status thereafter. (*Id.* at 4–5.) This was Kuehn's last communication with Kinder. (*Id.* at 5.) Kinder purportedly attempted to contact Kuehn by telephone several times, but the calls were never answered. (*Id.*)

At some point thereafter, Kinder's family learned that attorney Nathan Gent "took over" Kuehn's cases. (*Id.*) Kinder represents that on April 23, 2015, he spoke to Gent who confirmed that he took over for Kuehn. (ECF No. 42-14 at 25.) Kinder inquired about the status of his appeal. (*Id.*) Gent told him the appeal had concluded but was not successful. (*Id.*) Gent declined to mail Kinder a copy of the decision and instructed Kinder to obtain the decision by other means. (*Id.*)

On June 8, 2015, Kinder wrote to the Nevada Supreme Court asking when his direct appeal was decided, and why he had not been notified by the clerk of the court.[3] (*Id.* at 23.) In response, the Nevada Supreme Court sent Kinder a letter on June 11, 2015, stating that a decision was reached in his case, a remittitur had issued, and the time for filing a

///

---

[3]Rule 45 of the Nevada Rules of Appellate Procedure require the clerk of the court to immediately serve a notice of entry of an order or judgment by mail on each party," along with a copy of any opinion. *See* Nev. R. App. P. 45(c). The rule further instructs that "[s]ervice on a party represented by counsel shall be made on counsel." *Id.* The Nevada Supreme Court's Order of Affirmance indicates that counsel was served at the Gibson Law Group. (ECF No. 42-12 at 12.)

1  rehearing petition had expired. (*Id.* at 24.) Kinder's letter was therefore returned unfiled,

2  and he was instructed not to resubmit the document because no action would be taken.

3  (*Id.*)

4  On August 24, 2015, Kinder filed his *pro se* state habeas petition (ECF No. 42-14)

5  and multiple related motions. He moved for withdrawal of Kuehn and Gent, appointment

6  of new counsel, delivery of the case file, and production of certain transcripts, including

7  the oral argument before the Nevada Supreme Court and its decision. (ECF Nos. 42-15,

8  42-16, 42-17, 42-18.[4]) The state district court denied Kinder's petition as time-barred, and

9  he promptly appealed. (ECF Nos. 42-20, 42-21.) His informal brief, filed in February 2016,

10  recounted his efforts to contact Kuehn and obtain a copy of the Nevada Supreme Court's

11  decision on his direct appeal, and Kinder stated, "I never received a copy of the judgement

12  [*sic*] or remittitur." (ECF No. 42-26 at 4–5.) The Nevada Court of Appeals affirmed the

13  district court's ruling (ECF No. 42-29), and the Nevada Supreme Court denied

14  discretionary review on July 22, 2016 (ECF No. 42-32). Within days, Kinder initiated this

15  federal habeas proceeding *pro se*. (ECF No. 1).

16  Kinder's record demonstrates both Kuehn's abandonment of Kinder after

17  completion of the direct appeal and Kinder's diligence in pursuing his claims. The record

18  indicates his attempts to learn the status of his case on his own, to get his case file from

19  former counsel, and to obtain a copy of the Nevada Supreme Court's decision.

20  Respondents do not concede that Mr. Kuehn abandoned Kinder; however, they fail to offer

21  any argument or evidence to counter Kinder's assertion. They also offer no evidence or

22  argument refuting Kinder's contention that he never received a copy of the Nevada

23  Supreme Court's decision on his direct appeal.

24  The Order of Affirmance clearly shows that Kuehn was served with notice of the

25  order—not Kinder—in accordance with Rule 45 of the Nevada Rules of Appellate

26  ///

---

27  [4]The exhibits submitted in support of Respondents' Motion do not include the state

28  district court's rulings on Kinder's Motions for Withdrawal of Attorney of Record and
Delivery of Records, Motion for Production of Transcripts, or Motion for Appointment of
Counsel. (ECF Nos. 42-15, 42-16, 42-17, 42-18.)

6

Procedure. Kuehn informed Kinder the appeal could take up to two years and Kuehn would keep Kinder informed of the case status. (ECF No. 42-26 at 4–5.) The Ninth Circuit has held that a petitioner may reasonably rely upon counsel's affirmative representations. *See Doe*, 661 F.3d at 1011–13. Because the clerk of the court was required to serve Kuehn, and given Kuehn's affirmative representations, it was reasonable for Kinder to wait for Kuehn to notify him of the Nevada Supreme Court's decision.

In addition, Kinder acted with the requisite diligence. When Kinder learned of Mr. Kuehn's disciplinary proceeding, Kinder stopped relying on Kuehn and sprang into action. Kinder contacted Gent shortly after discovering that Gent took over Kuehn's cases. Gent informed Kinder of the Nevada Supreme Court's decision, but for some unknown reason did not send Kinder a copy of the decision or his case file. Kinder attempted to obtain a copy of the Nevada Supreme Court's decision and his case file before submitting his state habeas petition. Even without the case file or the decision, Kinder prepared and filed his state habeas petition less than four months after learning of the decision, which the Court finds to be diligent in the context of this case. The record indicates that Kinder still did not have his case file or the decision when he filed his petition on August 24, 2015, because he asked the state court to order Kuehn and Gent to turn over "all filed, documents, papers, records and personal property" in their control (ECF Nos. 42-15, 42-16) and instruct the clerk of the court to produce the decision (ECF No. 42-17). It was reasonable for Kinder to attempt to obtain his file and a copy of the decision, which clearly caused additional delay after he spoke to Gent.

The Court finds that Kinder has sufficiently established that he missed the federal filing deadline due to the extraordinary circumstances he faced. Respondents' arguments against application of equitable tolling are not persuasive. As the original *pro se* petition is therefore considered timely and Respondents do not argue the Second Amended Petition is untimely on any other grounds, *i.e.*, that it does not relate back to the *pro se* petition, the Motion to dismiss the Petition as untimely will be denied.

///

### B. Exhaustion

#### 1. Legal Standard

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the constitutional claim. *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). Federal courts have construed *Baldwin* as requiring petitioners to expressly raise their claims at every level of available state review, including intermediate appellate courts and/or a state's highest court. *E.g.*, *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). Nevertheless, if a state's highest court considered the merits of a petitioner's claim despite his failure to fairly present the claim, the state court's decision satisfies the exhaustion requirement. *Chambers v. McDaniel*, 549 F.3d 1191, 1196–99 (9th Cir. 2008); *Greene v. Lambert*, 288 F.3d 1081, 1087–88 (9th Cir. 2002).

*///*

## 2.    State Proceedings

Kinder filed a state habeas petition *pro se* alleging, among other things:[5] (1) the search warrant lacked probable cause and was based on stale information in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; (2) violation of the First, Fifth, Sixth, and Fourteenth Amendments because Kuehn was ineffective for failing (a) to follow through on the suppression argument, (b) to present Kinder with the PSI, (c) failing to challenge several issues in his direct appeal, and (d) to tell Kinder about lifetime supervision, which was not appropriate in his case; and (3) violation of the First, Fourth, Fifth, Sixth, and Eighth Amendments because the State charged two offenses alleging possession of 5,000 images of child pornography based on a warrant containing stale and false information. (ECF No. 42-14.) The state district court denied the petition as time-barred, and Kinder appealed.

The Nevada Supreme Court entered an Order Directing Transmission of Record (ECF No. 42-25), stating "[t]his court has concluded that its review of the complete record is warranted." This order directed the clerk of the state district court to transmit a copy of the "complete trial court record" including exhibits. (*Id.*) Thereafter, Kinder submitted his informal brief, and the Nevada Supreme Court elected to transfer the matter to the Nevada Court of Appeals (ECF No. 42-27).

Kinder's informal brief argued that the district court erred in denying his habeas petition because there was "a clear showing of good 'cause' for being filed untimely." (ECF

///

---

[5]Kinder's state petition presented additional arguments that are not at issue in this case: (1) violation of the First, Fifth, Sixth, and Fourteenth Amendments because (a) the Nevada Supreme Court, Kuehn's law partner, and Gent failed to tell Kinder that Kuehn had been disbarred, his appeal was decided, and Gent was his new attorney; and (b) Kuehn was ineffective because there was an actual conflict of interest due to lack of communication and his duress arising from his disbarment; (3) violation of the First, Fourth, Fifth, Sixth, and Eighth Amendments because the State failed to inform Kinder that his attorney had been disbarred, Gent refused to send his file or any transcripts of filings, and the trial judge abused her discretion in denying the motion to suppress; (4) violation of the First, Fourth, Fifth, Sixth, and Eighth Amendments because the State denied freedom of speech, the right to travel, and the right of association when the State violated Kinder's right to be secure in his private residence, and Kuehn was ineffective for failing to argue the amount of bail.  (ECF No. 42-14.)

No. 42-26 at 6.) As relevant here,[6] Kinder further claimed Kuehn's performance was deficient and ineffective, causing Kinder prejudice, and the state district court knew or should have known that Mr. Kuehn was unfit and incompetent, violating Kinder's Sixth Amendment right to effective counsel. (*Id.* at 6–8.) Kinder asked that the order denying his habeas petition be reversed to allow for consideration on its merits. (*Id.* at 8–9.)

The Nevada Court of Appeals affirmed the state district court's ruling. (ECF No. 42-29.) The Order of Affirmance states that the court's "review of the record reveals that Kinder failed to provide any statement of good cause on the face of his petition." (*Id.* at 2.) Thus, "Kinder failed to demonstrate the district court erred by denying his petition as procedurally barred." (*Id.* at 3.) In addition, the court noted, "We have reviewed all documents Kinder has submitted in this matter, and we conclude no relief based upon those submissions is warranted." (*Id.* at 3 n.2.)

### 3. Analysis

Kinder's Petition presents four grounds, each of which alleges claims for ineffective assistance of counsel ("IAC") under the Sixth and Fourteenth Amendment. Kinder asserts that Kuehn ineffectively failed to (1) contest the probable cause for the search warrant of his home (*id.* at 5–8); (2) object when the court-imposed lifetime supervision even though he did not meet the criteria for this requirement (*id.* at 8–9); (3) inform him that one count of possession was the maximum the State could prove under Nevada law (*id.* at 9–11); and (4) correct faulty information in his PSI (*id.* at 11–13).

///

///

---

[6]Kinder's informal brief made additional arguments that are not at issue in this case: (1) the state district court and the Nevada Supreme Court failed to notify Kinder of the change in his counsel in violation of his Fifth and Fourteenth Amendment rights; (2) the state district court and the Nevada Supreme Court failed to notify Kinder of the conclusion of his direct appeal in violation of his Fifth and Fourteenth Amendment rights to due process; (3) Messrs. Kuehn and Gent failed to notify Kinder of the conclusion of the direct appeal, which precluded Kinder's ability to seek reconsideration en banc of the Nevada Supreme Court's adverse decision and prejudiced his ability to file a timely state habeas petition, in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and effective counsel; and (4) the state district judge should have recused herself from deciding Kinder's habeas petition because the petition alleges judicial misconduct, creating bias against him. (ECF No. 42-26 at 6–8.)

Respondents argue that Grounds 1–4 are unexhausted because Kinder's state habeas petition and informal brief to the Nevada Court of Appeals failed to provide a sufficient basis to exhaust the specific IAC allegations. Kinder contends that the facts included in his state petition are sufficient for exhaustion purposes. Furthermore, his claims were presented to the Nevada Court of Appeals because, based on Kinder's *pro se* status, "the entire state court record was transmitted to the Nevada Supreme Court for complete review." (ECF No. 45 at 22 (citing *Birges v. State*, 107 Nev. 809, 811, 820 P.2d 764, 766 (1991); Nev. R. App. P. 10(a)(1)). According to Kinder, this access to the record "obligated" the Nevada Supreme Court and Court of Appeals "to review Kinder's entire state court record, including the state habeas petition." (ECF No. 45 at 22–23.) The issues are exhausted because the Nevada Court of Appeals had the opportunity to rule upon the grounds alleged in the state petition. Respondents counter that transmission of the record did not exhaust the claims, otherwise the exhaustion requirement would be rendered meaningless. (ECF No. 55 at 3–4.) .

The Nevada case and rule cited by Kinder do not state that transmission of the state court record *obligates* the Nevada Supreme Court and Court of Appeals to review the same. More importantly, Supreme Court and Ninth Circuit precedent expressly foreclose Kinder's contention that the underlying record was sufficient to notify state courts of his constitutional claims without him expressly stating the claims in his briefs or pleadings. The Supreme Court in *Baldwin* rejected an argument that the fair presentation requirement was met where a petitioner explicitly raised a federal claim before a lower state court, and that court's decision put a reviewing state court on notice of specific federal claims. *Baldwin*, 541 U.S. at 31–32; *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (holding that a petitioner must present his federal constitutional issue before the appropriate state court "*within the four corners of his appellate briefing*" to exhaust a claim) (citing *Baldwin*, 541 U.S. at 31–32) (emphasis added).

Kinder also points to the plain language of the Order of Affirmance to demonstrate exhaustion. If the Nevada Court of Appeals' order considered the merits of the claims

Kinder alleged in his state petition, despite his failure to fairly present them in his informal brief, the exhaustion requirement is satisfied. *See Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) ("Regardless of whether or how a petitioner has presented a claim, . . . that claim has been exhausted if the state courts have in fact ruled on its merits.").

In *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008), the Ninth Circuit examined whether a brief order of the Nevada Supreme Court addressed the merits of a petitioner's claims. *Id.* at 1196–99. The Nevada Supreme Court denied the petitioner's writ for extraordinary relief, stating "'We have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time'." *Id.* at 1196. A footnote added to the Nevada Supreme Court's rationale: "'We have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted'." *Id.* The Ninth Circuit concluded that the order considered the merits of the claims, rather than dismissing solely on procedural grounds, because "the Nevada Supreme Court did not deny without comment or opinion." *Id.* Following the reasoning in *Greene v. Lambert*, 288 F.3d 1081, 1087–88 (9th Cir. 2002), the Ninth Circuit held:

> "The most logical reading of [the order's] sparse text is that the court considered the arguments of the parties and the documentation filed by them and came to a conclusion about their merits. For a court to consider all the materials filed in conjunction with a petition for a writ and to then 'conclude' that relief is not warranted strongly suggests that such a 'conclusion' is on the merits."

*Id.* at 1197.

Here, the Nevada Court of Appeals' Order of Affirmance is a merits decision for purposes of exhaustion. The Nevada Supreme Court concluded that a "review of the complete record [was] warranted" and ordered a copy of the "complete trial court record" including exhibits. (ECF No. 42-25.) The appeal was subsequently transferred to the Nevada Court of Appeals (ECF No. 42-27), which affirmed the district court's order "denying his petition as procedurally barred." (*Id.* at 3.) It was within the court's discretion to affirm on these grounds without further comment. However, the Order of Affirmance

went on: "We have reviewed all documents Kinder has submitted in this matter, and we conclude no relief based upon those submissions is warranted." (ECF No. 42-29 at 3 n.2.) Like *Chambers*, where the state court's order specifically noted the court's consideration of record documents and went beyond procedural grounds by adding "comment or opinion;" here, the Nevada Court of Appeals' order specifically noted its review of record documents and went beyond procedural grounds by opining that no relief was warranted based on the record. Although the order primarily relied on procedural grounds, the Nevada Court of Appeals' addition of further comments and opinion strongly suggests a merits determination. *See Chambers*, 549 F.3d at 1197.

Based on this finding that the Order of Affirmance is a merits decision, the Court must identify which claims, if any, Kinder fairly presented in his state petition. Because the state petition was filed *pro se*, the court applies a liberal construction under the governing law to the fullest extent possible. *See Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (federal courts read "*pro se* pleadings generously, 'however inartfully pleaded' ") (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (noting that "pro se [habeas] petitions are held to a more lenient standard than counseled petitions").

### a.    Ground 1 is Exhausted

Kinder alleges that Kuehn ineffectively failed to contest the probable cause for the search warrant of his home. Kinder's petition alleges that a Nye County detective presented a barebones, factually deficient "Application and Affidavit for Search Warrant" for Kinder's home. He claims the search warrant was issued without probable cause. Although Kuehn challenged the staleness of the information supporting the warrant in his motion to suppress, Kinder argues that Kuehn was ineffective in failing to attack the lack of probable cause.

The Court is persuaded that Ground 1 is exhausted. Kinder's state petition alleged that "Mr. Kuehn was ineffective under the 5th, 6th, and 14th Amendments" as he "failed to follow through on suppression arguments, and failed to cross exam or challenge the state

false ill gotten evidence against me." (ECF No. 42-14 at 12.) Although inartfully pleaded, Kinder sufficiently alleged an IAC claim for the manner in which Kuehn challenged the search warrant. Ground 1 is exhausted.

### b. Ground 2 is Exhausted

Kinder alleges his attorney ineffectively failed to object when the court-imposed lifetime supervision even though he did not meet the criteria for this requirement. (ECF No. 39 at 8–9.) The Petition asserts that lifetime supervision for possession of child pornography can only be imposed when an individual has prior convictions for a violation of Nev. Rev. Stat. § 200.730. (*Id.* at 9 (citing Nev. Rev. Stat. § 176.0931(5)(c)(1).) Kinder claims he does not have such prior convictions. Because Kuehn failed to object when the court erroneously imposed lifetime supervision or to file a motion to correct an illegal sentence, he provided ineffective assistance violating Kinder's Sixth and Fourteenth Amendment rights.

The Court is persuaded that Ground 2 is exhausted. The state petition alleged that Kinder "was never told anything about lifetime supervision in which [*sic*] is excessive to impose in my case. My conviction and sentence are invalid under the U.S. Const., guarantees of due process, equal protection, effective assistance of counsel … due to cumulative errors by . . . deprivation of my right to effective assit. of counsel." (ECF No. 42-14 at 21.) Kinder sufficiently alleged an IAC claim based on his attorney's failure to challenge the sentence of lifetime supervision. Ground 2 is exhausted.

### c. Ground 3 is Not Exhausted

Kinder alleges that his attorney ineffectively failed to inform him that one count of possession was the maximum the State could prove under Nevada law. (ECF No. 39 at 9–11.) Kinder alleges Kuehn counseled Kinder to plead guilty to two counts of child pornography possession, but did not tell him that Nevada law permitted only one count in his factual circumstances. He bases this claim on *Castaneda v. Nevada*, 373 P.3d 108 (Nev. 2016), in which the Nevada Supreme Court held that a defendant's simultaneous possession at one time and place of multiple images depicting child pornography

14

"constitute[s] a single violation of NRS 200.730." *Id.* at 113. Because his case presents the same situation as *Castaneda*, Kinder claims that Kuehn's advice was ineffective assistance, violating his Sixth and Fourteenth Amendment rights.

Kinder's state petition claimed Kuehn "never brought up nor argued the 2 cts which violate my 5th on Double Jeopardy grounds and allowed the court to sentence me to 2 consecutive sentences." (ECF No. 42-14 at 16.) Kinder alleges he "was forced to take a deal for two 28-72 mo [*sic*] consecutive because [his] attorney failed to inform [him] about the state stacking charges so they can get a conviction." (*Id.* at 9.)

Respondents argue the state petition failed to provide a basis for Kinder's assertion that Kuehn's failure to argue the two counts violated double jeopardy amounted to IAC. Kinder counters that he "invoked double-jeopardy to illustrate his attorney did not understand that state law prohibited him from being convicted of the same crime twice— in other words, he could only have been convicted of one count of possession, and his attorney was ineffective for failing to know that." (ECF No. 45 at 20.)[7] Although he did not cite case law to support his allegations, Kinder notes that he did assert, "because of his attorney's ineffectiveness, he took a plea to two counts of possession, was sentenced consecutively, even though the state would not have been able to prove two counts." (*Id.* at 21.) Respondents' reply points out Kinder's failure to acknowledge that *Castaneda* was decided years after he entered his guilty plea.

The Court is not persuaded that Ground 3 is exhausted. The state district court entered Kinder's judgment of conviction in November 2012. (ECF No. 41-27.) The *Castaneda* case was decided in June 2016, over three and a half years later. Ground 3 hinges on Kuehn's knowledge of *Castaneda*'s new rule and failure to inform Kinder of the same, constituting ineffective assistance. Kinder filed his state petition and informal brief *before* the Nevada Supreme Court decided *Castaneda*, in August 2015 and February

///

_____

[7]Notably, Kinder also asserts he is actually innocent under *Castaneda*, allowing him to overcome any procedural defaults, because he was convicted of a second count under a statute that, properly interpreted, did not apply to him. (*Id.* at 14–17.)

15

2016 respectively. Thus, his petition and informal brief could not have addressed *Castaneda*. Furthermore, Kinder's passing reference to double jeopardy and two consecutive sentences did not fairly present his factual and legal basis for Ground 3. *Castaneda* determined the "unit of prosecution" allowable under Nev. Rev. Stat. § 200.730—"an issue of statutory interpretation and substantive law" rather than "the protection against 'multiple punishments for the same offense' afforded by the double jeopardy clauses of the United States and Nevada Constitutions." 373 P.3d at 110 (citing U.S. Const. amend. V; Nev. Const. art. 1, § 8). Even with a liberal construction of Kinder's allegations in the state petition, Ground 3 is not exhausted.

### d. Ground 4 is Exhausted

Ground 4 alleges that Kinder's attorney ineffectively failed to correct faulty information in his PSI. (ECF No. 39 at 11–13). The sentencing judge purportedly relied on the PSI to give Kinder the maximum sentence. However, the PSI contained incorrect information. According to Kinder, his 1999 New Jersey conviction for lewdness was not a felony. The PSI stated that it was a felony. Although Kinder informed his attorney of the mistake, Kuehn did not attempt to investigate and correct the PSI. Furthermore, the prosecutors argued at sentencing that the conviction was for a similar type of crime as it involved a lewd act with a minor. Kinder alleges his attorney failed to object to the incorrect information, and expressly informed the court that he was uncertain whether Kinder was a felon. Thus, Kuehn provided ineffective assistance violating Kinder's Sixth and Fourteenth Amendment rights.

The Court is persuaded that Ground 4 is exhausted. The state petition asserted: "Mr. Kuehn did not give me my PSI to review" and it "had faulty information," (ECF No. 42-14 at 7); (2) "Mr. Kuehn failed to present to me the [PSI], which is mandated by law that the defense be given the opportunity to challenge the information contained within the P.S.I.," (*id.* at 12); (3) "The trial court sentenced me based on prejudicial and inaccurate information contained in my [PSI], I was denied the opportunity to rebut said misinformation. . .. My conviction and sentence are invalid under the U.S. Const.

guarantees," including effective assistance of counsel (*id.* at 21). Kinder plainly alleged an IAC claim based on his attorney's failure to challenge the inaccurate information stated in his PSI. Ground 4 is exhausted.

### C. Procedural Default and Technical Exhaustion

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

Here, it is clear that Kinder would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. However, Nevada's procedural bars can be excused with a showing of cause and prejudice or a fundamental miscarriage of justice (*i.e.*, actual innocence). If a petitioner has a potentially viable cause-and-prejudice or actual innocence argument under the substantially similar federal and state standards, then the petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, federal courts have generally declined to hold claims are technically exhausted on the premise that those claims would be procedurally defaulted in state court unless the petitioner represents that the unexhausted claims would in fact be denied on state procedural grounds if he returned to state court to present the claims. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada courts do not recognize a potential basis to overcome the procedural default arising from the violation

of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Except for the *Martinez* rule, Nevada's cause and prejudice standards are substantially similar to the federal standards. Given the similarity of the standards, virtually any argument a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in the first instance. It is generally more appropriate for the state courts to have the opportunity in the first instance to consider the application of conclusive procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve the claim). When a Nevada petitioner has possible bases—other than *Martinez*—for overcoming a procedural default of a claim based on criteria that are substantially the same in both federal and state courts, then the claim is not technically exhausted. In that circumstance, the petitioner will not have established that the claim necessarily will be procedurally barred by the state courts.

Kinder contends that any unexhausted claim is technically exhausted because it would be procedurally barred by the Nevada courts. Kinder primarily argues he can overcome a procedural default of any claim under the *Martinez* rule since all four grounds present IAC claims. However, Kinder also advances a possible showing of actual innocence to overcome the procedural default of Ground 3.

18

Nevada courts recognize actual innocence as a basis for overcoming state procedural bars to the same extent as this exception to the procedural default doctrine is recognized in federal court and under the exact same standards. *See, e.g.*, *Berry v. State*, 363 P.3d 1148, 1154–58 (Nev. 2015). Thus, the same non-*Martinez* argument that Kinder would be making to overcome the procedural default in federal court, *i.e.*, actual innocence, is equally available in Nevada courts.[8]

Kinder asserts that he cannot be guilty of two counts of possession of child pornography because *Castaneda* holds that a defendant's simultaneous possession at one time and place of multiple images depicting child pornography constitutes a single violation of statute. 373 P.3d at 115. Kinder acknowledges that actual innocence is an available state remedy, but asserts that this claim was already raised in state court based on the allegations in his state petition. As previously explained, the allegations in Kinder's state petition did not fairly present this claim to the Nevada Court of Appeals for exhaustion purposes. Respondents argue that *Castaneda* cannot invalidate Kinder's conviction because it was decided years after he entered his guilty plea. This assertion is incorrect. A petitioner can demonstrate actual innocence by showing that in light of subsequent case law he cannot, as a legal matter, have committed the alleged crime. *Bousley v. United States*, 523 U.S. 614, 616 (1998); *Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014). Because actual innocence is an available remedy in Nevada courts, the record and argument presented do not reflect that "it is clear that the state court would *hold* the claim procedurally barred." *Sandgathe*, 314 F.3d at 376 (emphasis added).[9] Accordingly, Kinder's request to find Ground 3 technically exhausted will be denied.

///

---

[8] *See, e.g.*, *Rodriguez v. Filson*, 3:15-cv-0339-MMD-WGC, ECF No. 33 at 7–11, 2017 WL 6762466, at *4–6 (D. Nev., Dec. 29, 2017) (discussing the relationship of exhaustion, procedural default, and *Martinez* in federal habeas cases arising out of Nevada); *Myers v. Filson*, 3:14-cv-0082-MMD-CBC, ECF No. 57 at 4–8, 2017 WL 5559954, at *2–4 (D. Nev., Nov. 17, 2017) (prior discussion with analysis of controlling case authority).

[9] *Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir. Apr. 2, 2009) (unpublished) (the petitioner had not established futility of exhaustion, given the substantial similarity of Nevada state and federal standards to overcome a procedural bar).

### D.    Options on a Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Kinder's petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

## IV.    CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 40) is granted in part and denied in part as follows:

1.  Grounds 1, 2, and 4 are exhausted in their entirety;

2.  Ground 3 is unexhausted.

It is further ordered that within 30 days of the date of this order, Kinder must either:

1.  File a motion to dismiss seeking partial dismissal of only the unexhausted claim (Ground 3);

2.  File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claim (Ground 3); and/or

3.  File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

///

///

///

///

Failure to timely comply with this order will result in the dismissal of this mixed petition without further advanced notice.

DATED THIS 12th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE