UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER BRIAN KINDER,<br><br>Petitioner,<br>v.<br><br>ROBERT LEGRAND, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00449-MMD-CBC<br><br>ORDER |

This counseled habeas matter comes before the Court on Petitioner's Motion to Stay and Abey (ECF No. 57). Respondents do not oppose (ECF No. 58).

Kinder challenges his 2012 state court conviction of two counts of Possession of Child Pornography pursuant to a conditional guilty plea. (ECF No. 41-24.) On July 27, 2016, Kinder initiated this federal habeas proceeding *pro se*. (ECF No. 1.) The Court appointed counsel and granted leave to amend the petition. (ECF Nos. 15, 18.) Counsel filed a Second Amended Petition (ECF No. 39) in October 2018, alleging four grounds for relief under the Sixth and Fourteenth Amendments. The Court granted in part and denied in part Respondents' motion to dismiss, finding that the second amended petition contains one unexhausted claim—Ground 3—which alleges that Petitioner's attorney ineffectively failed to inform him that one count of possession was the maximum the State could prove under Nevada law. (ECF No. 56.) Petitioner now seeks a stay and abeyance so he may exhaust that claim in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's

failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Courts in this District have declined to prescribe the strictest possible standard for issuance of a stay. "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of postconviction counsel can also constitute good cause. *See Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

Petitioner argues that good cause exists because he filed his state habeas petition *pro se* and was not able to raise the claim in Ground 3. His claim is based on *Castaneda v. Nevada*, 373 P.3d 108 (Nev. 2016), in which the Nevada Supreme Court held that a defendant's simultaneous possession at one time and place of multiple images depicting child pornography "constitute[s] a single violation of NRS 200.730." *Id.* at 113. Kinder filed his state petition in August 2015, approximately 10 months before the Nevada Supreme Court decided *Castaneda*. The Court agrees that this constitutes good cause for the failure to first exhaust the claim in state court before filing the federal petition. The Court

further finds that the unexhausted ground is not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Petitioner's unopposed motion for a stay and abeyance.

In accordance with the foregoing, Petitioner's unopposed Motion for Stay and Abeyance (ECF No. 57) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claim in the second amended petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the Clerk of Court administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 26th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE